## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **DAVE'S DRIVING SCHOOL, LLC; DAVID B. MCCONNELL; and DR. LISA A. MCCONNELL,** | **REPORT AND RECOMMENDATION** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:24-cv-00178-DAK-JCB** |
| **UTAH DEPARTMENT OF PUBLIC SAFETY; DIVISION OF MOTOR VEHICLES; DRIVER'S LICENSE DIVISION; CHRISTOPHER CARAS; TARA ZAMORA; DAFE TAFOYA; KAMIE BELL; COULTER BALDES; and UNKNOWN DOES,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C.

§ 636(b)(1)(B).[1] Pro se Plaintiffs Dave's Driving School, LLC ("Dave's Driving School"), David

B. McConnell ("Mr. McConnell"), and Dr. Lisa A. McConnell ("Dr. McConnell") (collectively,

"Plaintiffs") filed a complaint in this court.[2] Defendants Utah Department of Public Safety, Utah

Division of Motor Vehicles, Utah Driver's License Division (collectively, "Entity Defendants"),

Christopher Caras, Tara Zamora, Dave Tafoya, Kamie Bell, and Coulter Baldes (collectively,

---

[1] ECF No. 5.

[2] ECF No. 1.

"Individual Defendants") moved to dismiss Plaintiffs' complaint.[3] In addition to considering that motion to dismiss, the court considers Plaintiffs' motion for leave to file an overlength sur-reply on the motion to dismiss,[4] as well Plaintiffs' amended complaint.[5] Based upon the analysis set forth below, the court recommends: (1) granting the Entity Defendants and the Individual Defendants' motion to dismiss; (2) denying Plaintiffs' motion for leave to file an overlength sur-reply on that motion to dismiss; and (3) not permitting Plaintiffs to file their amended complaint.

BACKGROUND

Mr. McConnell and Dr. McConnell (collectively, "McConnell Plaintiffs") jointly own Dave's Driving School.[6] The Entity Defendants are responsible for, among other things, regulating commercial driving schools throughout the State of Utah as permitted by statute.[7] The Individual Defendants work for the Entity Defendants in various roles.[8]

According to the complaint, Plaintiffs received a certified letter from one of the Individual Defendants indicating that the Entity Defendants "intended to revoke" Dave's Driving School's business license.[9] Plaintiffs were notified that they could request an administrative

---

[3] ECF No. 14.

[4] ECF No. 17.

[5] ECF No. 19.

[6] ECF No. 1 at 8 of 15.

[7] Utah Code Ann. § 53-3-504.

[8] ECF No. 1 at 2-4 of 15.

[9] *Id.* at 8 of 15.

hearing.[10] In response, Plaintiffs requested an administrative hearing and discovery.[11] Plaintiffs

allege that, leading up to the hearing, the Individual Defendants failed to respond to Plaintiffs'

requests, including Plaintiffs' request to provide discovery.[12] After the administrative hearing

was held, Dave's Driving School "was given six months['] probation."[13] Plaintiffs allege various

complaints about the administrative proceedings and the conditions of probation.[14]

    Based upon those allegations, Plaintiffs assert causes of action against the Entity

Defendants and the Individual Defendants (in both their official and individual capacities) under

42 U.S.C. § 1983 for violations of Plaintiffs' right to due process under the Fourteenth

Amendment and violations of various federal statutes.[15] Plaintiffs also assert numerous state-law

claims against the Entity Defendants and Individual Defendants.[16] In their request for relief,

Plaintiffs ask the court to enjoin the Entity Defendants and the Individual Defendants from

"interfering with Plaintiff[s'] Constitutional rights," "further retaliating" against Plaintiffs for

initiating this case, "[s]ubjecting Plaintiff[s] to excessive force, prejudice, and unequal treatment

in the future," "[s]landering or libeling" Plaintiffs, and "[c]reating 'rules' on the spot" that apply

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* at 9 of 15.

[14] *Id.* at 9-12 of 15.

[15] *Id.* at 1-6 of 15.

[16] *Id.* at 5-6 of 15.

only to Plaintiffs.[17] Plaintiffs also request awards of "punitive and other exemplary damages,"

attorney fees, and prejudgment interest.[18]

**ANALYSIS**

The court should: (I) grant the Entity Defendants and the Individual Defendants' motion

to dismiss; (II) deny Plaintiffs' motion for leave to file an overlength sur-reply on that motion to

dismiss; and (III) not permit Plaintiffs to file their amended complaint. The court addresses each

of the foregoing issues in order below.

**I.    The Court Should Grant the Entity Defendants and the Individual Defendants' Motion to Dismiss.**

The Entity Defendants and the Individual Defendants' motion to dismiss should be

granted because: (A) Dave's Driving School's claims should be dismissed without prejudice

because it cannot appear pro se; (B) the McConnell Plaintiffs' federal claims should be dismissed

with prejudice for failure to state claims upon which relief can be granted; and (C) the

McConnell Plaintiffs' state-law claims should be dismissed without prejudice because the court

should decline to exercise supplemental jurisdiction over those claims in the absence of any

viable federal claims. The following analysis explains all three conclusions.

**A.    Dave's Driving School's Claims Should Be Dismissed Without Prejudice Because It Cannot Appear Pro Se.**

Under this court's local rules, an entity, such as Dave's Driving School, is not allowed to

appear pro se.[19] That principle is also well established under precedent from the United States

---

[17] *Id*. at 14 of 15.

[18] *Id*.

[19] DUCivR 83-1.3(c)(2) (providing that "[a] corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted" to practice in this court).

Supreme Court and United States Court of Appeals for the Tenth Circuit.[20] Dave's Driving

School is not represented by a licensed attorney who is authorized to practice in the District of

Utah. Instead, that entity is represented by non-attorney individuals who lack any authority to

represent anyone or anything, other than themselves, in federal court. Therefore, the court cannot

consider any claims from an unrepresented entity such as Dave's Driving School, and its claims

should be dismissed without prejudice.

    B.  <u>The McConnell Plaintiffs' Federal Claims Should Be Dismissed with Prejudice for
Failure to State Claims Upon Which Relief Can Be Granted</u>.

The McConnell Plaintiffs' federal claims should be dismissed with prejudice for failure to

state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). When considering a

motion to dismiss under Rule 12(b)(6), the court "accept[s] as true the well[-]pleaded factual

allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to

state a claim to relief that is plausible on its face.'"[21] "Rather than adjudging whether a claim is

'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief

---

[20] *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the
better part of two centuries . . . that a corporation may appear in the federal courts only through
licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S.
60, 65 (1840) (stating that "a corporation cannot appear but by attorney"); *Osborn v. Bank of
U.S.*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a
natural person may appear for himself."); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It
has been our long-standing rule that a corporation must be represented by an attorney to appear
in federal court."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a
general matter, a corporation or other business entity can . . . appear in court [only] through an
attorney and not through a non-attorney corporate officer appearing pro se.").

[21] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)).

above the speculative level.'"[22] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[23]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[24] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[25] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[26] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[27] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[28]

---

[22] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[23] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[24] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[26] *Id*.

[27] *Twombly*, 550 U.S. at 555.

[28] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing the McConnell Plaintiffs' complaint, the court is mindful that they are proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[29] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[30] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[31]

As shown below, the McConnell Plaintiffs' federal claims should be dismissed with prejudice for failure to state claims upon which relief can be granted because: (1) the Entity Defendants and the Individual Defendants in their official capacities are not "persons" within the meaning of section 1983; (2) the McConnell Plaintiffs fail to plead a due process violation under the Fourteenth Amendment; (3) the McConnell Plaintiffs fail to plead a violation of any of the various federal statutes to which they cite; and (4) the Individual Defendants are entitled to qualified immunity from any federal individual-capacity claims. Each issue is addressed in turn.

1. The Entity Defendants and the Individual Defendants in Their Official Capacities Are Not "Persons" Within the Meaning of Section 1983.

The McConnell Plaintiffs fail to state claims against the Entity Defendants and the Individual Defendants in their official capacities under section 1983 because none of them is a "person" subject to liability under that section. Section 1983 provides a remedy against a

---

[29] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (same).

[30] *Hall*, 935 F.2d at 1110.

[31] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

"person."[32] "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[33] The Entity Defendants and the Individual Defendants in their official capacities fall squarely within that description. Therefore, the McConnell Plaintiffs' section 1983 claims against the Entity Defendants and the Individual Defendants in their official capacities should be dismissed with prejudice.

2.  <u>The McConnell Plaintiffs Fail to Plead a Due Process Violation Under the Fourteenth Amendment</u>.

The McConnell Plaintiffs have not pleaded a violation of their rights to either substantive due process or procedural due process, both of which are guaranteed by the Fourteenth Amendment.[34] First, the McConnell Plaintiffs have not pleaded a substantive due process violation under the Fourteenth Amendment because they complain only about purported violations of state law, which cannot form the basis for their claim for a substantive due process violation.[35] Instead, "[s]ubstantive due process rights are founded not upon state law but upon deeply rooted notions of fundamental personal interests derived from the Constitution."[36] Further, "[w]hile state statutes and regulations may inform [a court's] judgement regarding the scope of constitutional rights, . . . [m]ere allegations that an official failed to abide by state law

---

[32] 42 U.S.C. § 1983 (providing that it applies to "[e]very person" who violates its provisions).

[33] *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

[34] *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998).

[35] *Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995).

[36] *Id.* (quotations and citations omitted)

will not suffice to state a constitutional claim."[37] In asserting that their substantive due process

rights were violated, the McConnell Plaintiffs make only conclusory allegations that the

Individual Defendants did not follow state law. Because that is insufficient to allege a substantive

due process violation under the Fourteenth Amendment, the McConnell Plaintiffs' claim for such

a violation should be dismissed with prejudice.

Second, the McConnell Plaintiffs have not pleaded a procedural due process violation

under the Fourteenth Amendment. To state a claim for a procedural due process violation, a

plaintiff must allege two elements: (1) that the plaintiff "possessed a constitutionally protected

liberty or property interest such that the due process protections were applicable," and (2) that

the plaintiff "was not afforded an appropriate level of process."[38] The McConnell Plaintiffs fail

to satisfy the second element of a procedural due process claim. In fact, their complaint's

allegations demonstrate that they were provided with such process.[39] Indeed, when the

McConnell Plaintiffs were informed that Dave's Driving School's business license was going to

be revoked, they were also informed that they could request an administrative hearing.[40] The

McConnell Plaintiffs made that request, the administrative hearing was held, and Dave's Driving

School was put on a six-month probationary period.[41] Although the McConnell Plaintiffs are

dissatisfied with the outcome of those administrative proceedings, that does not amount to a

---

[37] *Id.*

[38] *Couture v. Bd. of Educ. of Albuquerque Pub. Schs.*, 535 F.3d 1243, 1256 (10th Cir. 2008) (quotations and citations omitted).

[39] ECF No. 1 at 8 of 15.

[40] *Id.*

[41] *Id.*

procedural due process violation.[42] Accordingly, the McConnell Plaintiffs' claim for a procedural

due process violation under the Fourteenth Amendment should be dismissed with prejudice.[43]

    3.   <u>The McConnell Plaintiffs Fail to Plead a Violation of Any Federal Statute.</u>

Plaintiffs assert claims under the following federal statutes: (a) 42 U.S.C. § 14141; (b) 18

U.S.C. §§ 241-242; (c) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.;

and (d) 42 U.S.C. § 3617. As shown below, each of those claims fails and should be dismissed

with prejudice.

        *a.  42 U.S.C. § 14141*

This statute, which was transferred to 34 U.S.C. § 12601, applies to "conduct by law

enforcement officers or by officials or employees of any governmental agency with

responsibility for the administration of juvenile justice or the incarceration of juveniles."[44] It

does not create a private right of action but, instead, allows only the Attorney General of the

---

[42] Notably, the McConnell Plaintiffs apparently did not avail themselves of additional process that was available in the form of judicial review of the informal adjudicative proceedings under Utah Code Ann. § 63G-4-402.

[43] The McConnell Plaintiffs make much of the fact that they were not provided with discovery in advance of the administrative hearing, but they had no right to that discovery. Utah Code Ann. § 63G-4-203(1)(e) (providing that "[d]iscovery is prohibited" in informal adjudicative proceedings); Utah Admin. Code R708-2-21(1)(d) (providing that "no discovery, either compulsory or voluntary, shall be permitted prior to the hearing" in informal adjudicative proceedings).

[44] 34 U.S.C. § 12601(a).

United States to bring a civil action thereunder.[45] Therefore, the McConnell Plaintiffs' claim under this statute fails and should be dismissed with prejudice.[46]

    *b.  18 U.S.C. §§ 241-242*

These statutes provide for criminal liability for the deprivation of, and the conspiracy to deprive, certain constitutional and civil rights, but they do not provide for a private right of action.[47] Consequently, the McConnell Plaintiffs' claims under these statutes must fail and should be dismissed with prejudice.

    *c.  ADA*

Although the McConnell Plaintiffs do not indicate the specific portion of the ADA that they allege was violated, it appears that their claim would arise under 42 U.S.C. § 12132, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The McConnell Plaintiffs' claim under the ADA fails for two reasons. First, they cannot bring such a claim against the Individual Defendants because 42 U.S.C. § 12132 "does not provide for individual capacity suits

---

[45] 34 U.S.C. § 12601(b) ("Whenever the Attorney General has reasonable cause to believe that a violation . . . has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.").

[46] *Bruderer v. Davis*, No. 1:20-cv-00035-HCN-JCB, 2021 WL 11634903, at *4 (D. Utah July 26, 2021) (concluding that the plaintiff's claim under 34 U.S.C. § 12601 was subject to dismissal with prejudice), *report and recommendation adopted* (Aug. 31, 2021).

[47] *Id.*; *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (providing that there is no private right of action under 18 U.S.C. § 241); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (providing that there is no private right of action under 18 U.S.C. §§ 241 and 242).

against state officials."[48] Second, with respect to the Entity Defendants, the McConnell Plaintiffs

fail to include sufficient allegations to support their ADA claim.[49] The McConnell Plaintiffs

make conclusory references to "ADA status"[50] and "protected class status,"[51] but they fail to

identify which of them is disabled or the nature of the purported disability. That is insufficient to

state a claim under 42 U.S.C. § 12132. Therefore, the McConnell Plaintiffs' ADA claim should

be dismissed with prejudice.

> d.  *42 U.S.C. § 3617*

This statute is part of the Fair Housing Act ("FHA"), and a claim under it requires, among

other things, an allegation that the "plaintiff exercised or enjoyed a right protected by" 42 U.S.C.

§§ 3603-3606 "or aided or encouraged others in exercising or enjoying such rights."[52] Those

referenced sections govern the sale or rental of housing, residential real estate transactions, and

the provision of brokerage services, which are subjects not addressed anywhere in the

McConnell Plaintiffs' complaint. Thus, the McConnell Plaintiffs fail to state a plausible claim

under the FHA, and that claim should be dismissed with prejudice.

---

[48] *Trujillo v. Rio Arriba Cnty. ex rel. Rio Arriba Cnty. Sheriff's Dep't*, 319 F.R.D. 571, 610 (D.N.M. 2016) (quotations and citations omitted).

[49] *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (providing that to state a claim against under 42 U.S.C. § 12132, a plaintiff must allege that: (1) "he is a qualified individual with a disability" (2) "who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities"; and (3) "such exclusion, denial of benefits, or discrimination was by reason of a disability").

[50] ECF No. 1 at 8 of 15.

[51] *Id*. at 11 of 15.

[52] *King v. Metcalf 56 Homes Ass'n, Inc.*, 385 F. Supp. 2d 1137, 1143 (D. Kan. 2005) (quotations and citation omitted).

4. <u>The Individual Defendants Are Entitled to Qualified Immunity from Any Federal Individual-Capacity Claims</u>.

Having raised the defense in their motion to dismiss, the Individual Defendants are entitled to qualified immunity from the McConnell Plaintiffs' federal individual-capacity claims. "Individual defendants named in a § 1983 action may raise a defense of qualified immunity, which shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."[53] "Once an individual defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[54] The court "may address the two prongs of the qualified-immunity analysis in either order."[55] "If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity."[56]

> Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity. Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment.[57]

---

[53] *Gutierrez v. Cobos*, 841 F.3d 895, 899 (10th Cir. 2016) (alteration in original) (quotations and citations omitted).

[54] *Id.* at 900 (quotations and citation omitted).

[55] *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019).

[56] *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995).

[57] *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (quotations and citations omitted); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (providing that when considering qualified immunity in the context of a motion to dismiss, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness" (quotations omitted) (emphasis in original)).

The McConnell Plaintiffs fail to carry either part of their burden. First, as demonstrated above, they have not shown that the Individual Defendants violated a federal statutory or constitutional right. Second, even if the McConnell Plaintiffs could show such a violation, they have not shown that any right was clearly established.

> A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. [Courts] do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.[58]

The McConnell Defendants have not pointed to any existing precedent that would have put the Individual Defendants on notice that their conduct violated a federal statutory or constitutional right. Consequently, the McConnell Plaintiffs have not carried either part of their burden, which entitles the Individual Defendants to qualified immunity. Thus, the McConnell Plaintiffs' federal individual-capacity claims against the Individual Defendants should be dismissed with prejudice.

C. The McConnell Plaintiffs' State-Law Claims Should Be Dismissed Without Prejudice Because the Court Should Decline to Exercise Supplemental Jurisdiction Over Those Claims Without Any Viable Federal Claims.

In addition to their federal claims addressed above, the McConnell Plaintiffs assert several state-law claims, which should be dismissed without prejudice. "Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction."[59] However, "[u]nder 28 U.S.C. § 1367(c)(3), a

---

[58] *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (per curiam) (quotations and citations omitted).

[59] *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012).

district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[60]

As demonstrated above, all the McConnell Plaintiffs' federal claims fail. Because the McConnell Plaintiffs' remaining claims are all based upon state law, the court declines to reach the merits of those claims here because, without any viable federal claims, the court should decline to exercise supplemental jurisdiction over the McConnell Plaintiffs' state-law claims and dismiss them without prejudice.[61]

## II. The Court Should Deny Plaintiffs' Motion for Leave to File an Overlength Sur-Reply on the Entity Defendants and the Individual Defendants' Motion to Dismiss.

Plaintiffs' motion for leave to file an overlength sur-reply on the Entity Defendants and the Individual Defendants' motion to dismiss should be denied. Sur-replies are not contemplated under this court's local rules.[62] Further, "[a] sur-reply is typically appropriate only when new

---

[60] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations and citations omitted).

[61] *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).

[62] DUCivR 7-1(a)(4)(A) (providing for the filing of a "motion" to dismiss under Rule 12(b)(6), a "response" to that motion, and a "reply" in support of the motion); DUCivR 7-1(a)(9) ("Unless ordered otherwise, the court will not consider additional memoranda.").

material is raised for the first time in a reply brief."[63] Plaintiffs fail to identify any new material raised by the Entity Defendants and the Individual Defendants for the first time in their reply. Accordingly, Plaintiffs have not shown that a sur-reply is appropriate, regardless of its length. Therefore, Plaintiffs' motion for leave to file an overlength sur-reply should be denied.

## III.    The Court Should Not Permit Plaintiffs to File Their Amended Complaint.

The court should not permit Plaintiffs to file their amended complaint because: (A) it is procedurally improper; and (B) even if the court construes Plaintiffs' submission of their amended complaint as a motion for leave to amend their original complaint, the court should deny that motion. Each reason is addressed in turn below.

### A.  Plaintiffs' Amended Complaint Is Procedurally Improper.

After the two motions addressed above were fully briefed, Plaintiffs submitted their amended complaint.[64] Fed. R. Civ. P. 15(a) governs amendments to a complaint. Under Rule 15(a)(1), a plaintiff may amend his complaint as a matter of course in two specific scenarios, neither of which is applicable here. All other amendments to a complaint are governed by Rule 15(a)(2), which provides that a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Plaintiffs submitted their amended complaint

---

[63] *Simmler v. Reyes*, No. 2:19-cv-01009-RJS-JCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021) (citing *Locke v. Grady Cty.*, 437 F. App'x 626, 633 (10th Cir. 2011); *Green v. N.M.*, 420 F.3d 1189, 1196 (10th Cir. 2005)).

[64] ECF No. 19.

without consent or leave of court.[65] Thus, it is procedurally improper, and Plaintiffs should not

be permitted to file it.[66]

    B.  <u>Even if the Court Construes Plaintiffs' Submission of Their Amended Complaint as a Motion for Leave to Amend Their Original Complaint, the Court Should Deny That Motion</u>.

Even if the court construes Plaintiffs' submission of their amended complaint as a motion

for leave to amend their original complaint, the court should deny that motion. The court

acknowledges that it "should freely give leave" to amend pleadings "when justice so requires."[67]

However, even under that liberal standard for amending pleadings, "the district court may deny

leave to amend where amendment would be futile. A proposed amendment is futile if the

complaint, as amended, would be subject to dismissal."[68] "Thus, in evaluating a proposed

amendment for futility, the court must apply the same standard it would apply in evaluating a

Rule 12(b)(6) motion to dismiss the proposed amended complaint."[69]

---

[65] Because Plaintiffs' amended complaint was submitted without the Entity Defendants and the Individual Defendants' consent or leave of court, it was not filed but was instead lodged on the docket. *Id.*

[66] The court acknowledges that Plaintiffs are proceeding pro se, but that does not excuse their obligation to comply with the basic requirements of the Federal Rules of Civil Procedure, including Rule 15. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

[67] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[68] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

[69] *Golden v. Mentor Capital, Inc.*, No. 2:15-CV-176-JNP-BCW, 2015 WL 13631247, at *1 (D. Utah Sept. 29, 2015) (citing *Bradley*, 379 F.3d at 901).

Although it is somewhat difficult to determine the precise claims Plaintiffs are asserting in their amended complaint, it appears that the amended complaint contains all the claims from their original complaint, along with several new claims. To the extent Plaintiffs assert the same claims as they did in the original complaint, the claims in the amended complaint would be subject to dismissal for all the reasons discussed above. As for the new claims the court has gleaned from Plaintiffs' amended complaint, those claims are subject to dismissal for the reasons explained below.

First, Plaintiffs' proposed equal protection claim would be subject to dismissal because Plaintiffs fail to "make [the] threshold showing that they were treated differently from others who were similarly situated to them."[70] Plaintiffs make only "[c]onclusory allegations without facts that refer to a particular person or persons treated differently," which "are insufficient to state a claim."[71]

Second, Plaintiffs' proposed due process claim under the Fifth Amendment would be subject to dismissal because "[t]he Fifth Amendment due process clause . . . only protects against due process violations caused by the federal government."[72] None of Plaintiffs' allegations relate to actions taken by the federal government.

---

[70] *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011) (quotations and citation omitted).

[71] *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1146 (10th Cir. 2023).

[72] *Parnisi v. Colo. State Hosp.*, 992 F.2d 1223 (Table), 1993 WL 118860, at *1 (10th Cir. April 15, 1993).

Third, Plaintiffs' proposed Sixth Amendment claim would be subject to dismissal because the Sixth Amendment is inapplicable in this case. Indeed, the Sixth Amendment does not apply in civil administrative matters but, instead, applies only in the criminal context.[73]

Fourth, Plaintiffs' proposed claim under 42 U.S.C. § 1981 would be subject to dismissal. Section 1981 prohibits discrimination based upon race,[74] and Plaintiffs have not made any well-pleaded allegations concerning racial discrimination. Further, "§ 1981 does not provide a vehicle for remedying racial discrimination and retaliation in cases brought against state actors. Rather, § 1983 'provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.'"[75] Thus, Plaintiffs cannot bring a section 1981 claim against the Entity Defendants and the Individual Defendants.

Finally, Plaintiffs' proposed claim under Title VII of the Civil Rights Act of 1964 would be subject to dismissal. Title VII "provides a cause of action against *employers* who 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national

---

[73] *Hannah v. Larche*, 363 U.S. 420, 440 n.16 (1960) (providing that the Sixth Amendment "is specifically limited to criminal prosecutions" and that administrative proceedings "clearly do not fall within that category" (quotations and citation omitted)); *Bennett v. Nat'l Transp. Safety Bd.*, 66 F.3d 1130, 1136 (10th Cir. 1995) (providing that the Sixth Amendment "does not apply to civil administrative matters generally").

[74] *See, e.g.*, *Ellis v. Ohio Mattress Co. Licensing & Components Grp.*, No. CIVA 07CV00479 LTB, 2007 WL 2381537, at *2 (D. Colo. Aug. 17, 2007) ("The Tenth Circuit and the United States Supreme Court have both held that § 1981 . . . applies [only] to discrimination based on race . . . ." (citing cases)).

[75] *Hannah v. Cowlishaw*, 628 F. App'x 629, 632 (10th Cir. 2016) (citing and quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 705, 735 (1989)).

origin,' or who retaliate against a person for opposing an unlawful employment practice."[76] Plaintiffs' amended complaint does not implicate employment discrimination in any way.

As shown above, Plaintiffs' claims in their amended complaint would be subject to dismissal. Therefore, even if the court construes Plaintiffs' submission of their amended complaint as a motion for leave to amend their original complaint, the court should deny that motion based on futility of amendment. Accordingly, the court should not permit Plaintiffs to file their amended complaint.

### RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS:

1.   The Entity Defendants and the Individual Defendants' motion to dismiss[77] be GRANTED.

2.   Dave's Driving School's claims be DISMISSED WITHOUT PREJUDICE because it cannot appear pro se.

3.   The McConnell Plaintiffs' federal claims be DISMISSED WITH PREJUDICE for failure to state claims upon which relief can be granted

4.   The McConnell Plaintiffs' state-law claims be DISMISSED WITHOUT PREJUDICE because the court should decline to exercise supplemental jurisdiction over those claims without any viable federal claims.

---

[76] *Id.* (quoting 42 U.S.C. § 2000e-2(a)(1)) (other citation omitted) (emphasis added).

[77] ECF No. 14.

5.    Plaintiffs' motion for leave to file an overlength sur-reply on the Entity

Defendants and the Individual Defendants' motion to dismiss[78] be DENIED.

6.    Plaintiffs not be permitted to file their amended complaint.[79]

NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object.[80] The parties must file any objections to this Report and

Recommendation within 14 days after being served with a copy of it.[81] Failure to object may

constitute waiver of objections upon subsequent review.

DATED this 27th day of February 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[78] ECF No. 17.

[79] ECF No. 19.

[80] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[81] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).